IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| DEWEY MULLINS,<br>  Petitioner, | )<br>)<br>) |
| v. | )  CIVIL ACTION NO. 1:04-1284<br>) |
| THOMAS McBRIDE,<br>  Respondent. | )<br>) |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On December 8, 2004, Petitioner, an inmate at the Mount Olive Correctional Complex [MOCC], and acting *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody.[1] (Document No. 1.) Petitioner alleges the following grounds for *habeas* relief:

1. The Trial Court failed to suppress an alleged partial confession to the State police.

2. The court limited the testimony of Larry Brewer, Jr.

3. [The] Court admitted 404(B) evidence of other wrong[s] and crimes.

4. The Trial Court admitted states' exhibits 3, 4, 5, and 6 (anatomically correct photos) over defense's objection.

(Document No. 1, pp. 4-5.) By Standing Order filed on December 8, 2004, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1

## **PROCEDURAL HISTORY**

On November 17, 2003, after a trial by jury, Petitioner was convicted in the Circuit Court of McDowell County, West Virginia, of seven counts of sexual assault and seven counts of sexual assault by a custodian. (Document No. 1, Exhibit 1, State v. Mullins, Criminal Action No. 01-F-69 (Cir. Ct. McDowell Co.).) The Circuit Court sentenced Petitioner to concurrent terms of imprisonment of 15 to 35 years each upon six of the counts of sexual assault, a consecutive term of 15 to 35 years upon one count of sexual assault, and concurrent terms of 15 to 20 years each upon the seven counts of sexual assault by a custodian. (Id.) Petitioner's direct appeal of his conviction and sentence was refused by the Supreme Court of Appeals of West Virginia [SCAWV] by Order entered on November 10, 2004.[2] (Document No. 1, p. 2.)

Petitioner filed his instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody on December 8, 2004. (Document No. 1.) On December 17, 2004, Petitioner filed his Letter/Motion to hold this civil action in abeyance pending the exhaustion of his

---

[2] The SCAWV's website, http://www.state.wv.us/wvsca/calendar/nov10%5F04w.htm, indicates that Petitioner raised the following assignments of error in his Petition for Appeal:

> Petitioner/Defendant appeals his conviction on seven counts of first degree sexual assault and seven counts of sexual abuse by a custodian arguing that the court erred when it failed to suppress a partial confession made by Petitioner/Defendant; when it limited the testimony of Larry Junior Brewer, Sr.; when it permitted evidence of other crimes, wrongs, or acts attributed to Petitioner/Defendant in his distant past, when it admitted State''s exhibits 3, 4, 5, and 6 over objection; when it qualified a State witness as an expert in child counseling, child therapy, and as a play therapist; when it denied all objection of trial counsel to the trial deposition of Joseph B. Hodges; when it refused a motion of Petitioner/Defendant for Judgment of Acquittal at the close of the State''s evidence; when it refused Petitioner/Defendant''s motion for Judgment of Acquittal at the close of all evidence; and when it refused Petitioner/Defendant''s instructions 1 through 8. He further argues that trial counsel erred in failing to object to hearsay on numerous occasions.

available state remedies. (Document No. 4.) Alternatively, Petitioner requested that the Court dismiss this matter without prejudice. (Id., p. 2.) Petitioner stated that he "is in the process of having someone to review his Court record which will take a few months to determine if a certiorari will be done or to file a State Habeas Petition." (Id., p. 1.) By Order entered on March 28, 2005, the undersigned concluded that Petitioner had exhausted his state remedies with respect to the grounds stated in his § 2254 Petition and denied his Motion. (Document No. 7.) The undersigned however, advised Petitioner that if he intended "to amend his § 2254 Petition to include additional grounds for *habeas* relief which have not been exhausted at the state level, he should immediately notify the Court and seek further dismissal of his Petition without prejudice." (Id., p. 3.) On April 1, 2005, Petitioner filed a further "Motion to Hold Federal Habeas in Abeyance or in Alternative Dismiss Without Prejudice." (Document No. 8.) In support of his Motion, Petitioner states that he filed on March 18, 2005, his Petition for Writ of Habeas Corpus in the Circuit Court of McDowell County, which includes "issues concerning ineffective assistance of counsel, and several other issues which have never been developed." (Id., p. 1.) Thus, he requests that the Court either hold this civil action in abeyance pending the exhaustion of his state remedies, or dismiss this matter without prejudice. (Id., p. 2.) Pursuant to the Supreme Court's recent decision in Rhines v. Weber, __ U.S. __, 125 S.Ct. 1528, 2005 WL 711587 (Mar. 30, 2005), the undersigned has determined that Petitioner's Petition should be dismissed without prejudice.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also,

McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles'' must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. See O'Sullivan, 526 U.S. at 844.

Petitioner acknowledges that he has not exhausted his available state remedies and requests that his Petition either be stayed in abeyance pending exhaustion or dismissed without prejudice. When a state prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district court possesses discretion to stay the petition "to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfect petition." Rhines v. Weber, 2005 WL 711587, *1. However, a "stay and abeyance is only appropriate when the district court determines there was

good cause for the petitioner's failure to exhaust his claims first in state court." Id. Applying this standard to the facts of the instant case, the undersigned finds that a stay and abeyance is not warranted. Petitioner filed his § 2254 Petition on December 8, 2004, which was twenty-eight days after his direct appeal was refused by the SCAWV and sixty-two days before his conviction became final under 28 U.S.C. § 2244(d)(1)(A).[3] Petitioner had not sought *habeas* relief from the state courts prior to filing his § 2254 and only recently filed on March 18, 2005, his state *habeas* petition in the Circuit Court of McDowell County. Upon the conclusion of Petitioner's state *habeas* proceedings, he will have approximately 327 days in which to file a § 2254 Petition in federal court. See 28 U.S.C. § 2244(d)(1)(A).[4] Accordingly, the undersigned finds that Plaintiff will not later be precluded

---

[3] Section 2244(d)(1)(A) provides that § 2254 *habeas* petitions must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires). *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Petitioner's conviction became final on February 8, 2005.

[4] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

from pursuing his claims under § 2254 and, therefore, he cannot at this time demonstrate good cause for his failure to present his claims to the state courts prior to seeking federal *habeas* relief. Accordingly, his Petition must be dismissed without prejudice.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Motion to hold this civil action in abeyance (Document No. 8.), **GRANT** Petitioner's Motion to Dismiss (Document No. 8.), **DISMISS** this case without prejudice and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

ENTER: April 8, 2005.

R. Clarke VanDervort
United States Magistrate Judge